# United States Court of Appeals for the Fifth Circuit

———————

No. 26-10013
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANDRE DEMARCUS RUBELL,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CR-205-1

———————————————————

Before JONES, HO, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Andre Demarcus Rubell appeals his conviction and sentence for possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). He argues that: (1) § 922(g)(1) violates the Second Amendment on its face; (2) § 922(g)(1) requires more than a firearm's past movement in commerce, and if not, the statute exceeds Congress's authority under the

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 26-10013

Commerce Clause; and (3) the district court erred in relying on the Guidelines commentary defining "large capacity magazine" for purposes of an enhanced base offense level under U.S.S.G. § 2K2.1(a)(4). Rubell concedes that these issues are foreclosed by our precedent and raises them to preserve them for further review. The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time to file an appellate brief.

The parties are correct that Rubell's facial Second Amendment challenge is foreclosed. *See United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025). Likewise, his commerce-related challenges are foreclosed. *See United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013). Finally, this court has held that the Guidelines commentary defining "large capacity magazine" is controlling. *See United States v. Martin*, 119 F.4th 410, 414-15 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1454 (2025). Summary affirmance is therefore appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.